IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TARANI ALIKE JOHNSON,** *et al.* | : | |
|     **Plaintiffs,** | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 23-CV-4211** |
| | : | |
| **CHARLES W. SCHARF,** | : | |
|     **Defendant.** | : | |

**MEMORANDUM**

YOUNGE, J.                                                                                                                                                                NOVEMBER 13, 2023

       Plaintiff Tarani Alike Johnson brings this *pro se* civil action.[1] She has moved to proceed *in forma pauperis*. For the following reasons, the Court will grant Johnson leave to proceed *in*

---

[1] The caption of Johnson's initial filing lists as Plaintiffs: Tarani Alike Johnson, a living woman; Tarani A. Johnson, also known as Tarani Alike Johnson™©, Federal Trademark Serial Number 97615937 (Previous Trademark #88859594); and Tarani Alike Johnson Estate Living Trust. (*See* ECF No. 1.) Although Johnson references an estate and various trusts throughout her submission, the Court understands Tarani Alike Johnson, the individual, to be the Plaintiff in this case. The Court notes that "[a]lthough an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018); *see also* 28 U.S.C. § 1654. "The federal courts 'have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.'" *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (*per curiam*) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008)). In the context of an estate, "[i]f an estate has one or more beneficiaries besides the administrator, then the case is not the administrator's own because the interests of other parties are directly at stake," such that a non-attorney administrator or executor may not represent the estate. *Murray*, 901 F.3d at 171. Furthermore, an artificial entity may only appear in federal court through licensed counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196, 201-02 (1993) ("It has been the law for the better part of two centuries, . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citations omitted); *see also Marin v. Leslie*, 337 F. App'x 217, 220 (3d Cir. 2009) (*per curiam*) (trustee pursuing claims on behalf of a trust may not appear *pro se*). Furthermore, only a natural person may qualify for treatment *in forma pauperis* under 28 U.S.C. § 1915. *See Rowland*, 506 U.S. at 196 (neither an estate nor a trust may proceed *in forma pauperis*); *Gray v. Martinez*, 352 F. App'x 656, 658 (3d Cir. 2009) (*per curiam*) ("Because an estate is not a natural person, it may not . . . proceed [*in forma paupers*]."); *Upshur v. Hospedale*,

*forma pauperis* and the case will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.      **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[2]

Johnson is a frequent litigant in this court.  *See, e.g., Wells Fargo Bank, N.A. v. Johnson*, Civil Action No. 18-2669; *Johnson v. Wells Fargo Bank, N.A.*, Civil Action No. 19-2804; *Johnson v. Johnson*, Civil Action No. 19-3620; *First Amendment Title Ins. Co. v. Johnson*, Civil Action No. 20-4684; *Johnson v. Shapiro*, Civil Action No. 22-2768; *In re: Tarani Alike Johnson*, Civil Action No. 22-5258; *Johnson v. Wells Fargo Bank, N.A.*, Civil Action No. 23-1376; *Johnson v. Wells Fargo Bank, N.A.*, Civil Action No. 23-1464; *Johnson v. Wells Fargo Bank, N.A.*, Civil Action No. 23-2524; *Johnson v. Wells Fargo Bank, N.A.*, Civil Action No. 23-3091; *Johnson v. Wells Fargo Bank, N.A.*, Civil Action No. 3478; *Johnson v. Rosentiel*, Civil Action No. 23-4179.

As set forth more fully in this Court's September 12, 2023 Order in *Johnson v. Wells Fargo Bank, N.A.*, Civil Action No. 23-3091, on April 9, 2010, Wells Fargo filed a foreclosure action against Johnson on property located at 2285 Bryn Mawr Avenue, Philadelphia, PA.  (*See* Civil Action No. 23-3091 at ECF No. 21.)  A foreclosure judgment was obtained by Wells Fargo on March 8, 2018.  (*Id.*)  Johnson has since filed six bankruptcy petitions and numerous state and

---

No. 17-1358, 2018 WL 395729, at *2 (D. Del. Jan. 12, 2018) (a trust may not proceed *in forma pauperis*).  Thus, if an estate is the plaintiff in a case, licensed counsel must enter an appearance on its behalf and it must pay the necessary fees to commence a civil action.  Because the Court ultimately determines that the allegations regarding artificial entities are frivolous, and construing the Complaint liberally, the Court will deem the case brought by Johnson the individual so that she may qualify to proceed *pro se* and enjoy the privilege of proceeding *in forma pauperis*.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

federal claims seeking to overturn and delay this judgment. (*Id.*) Nonetheless, the 2018 foreclosure judgment has not been disturbed and remains in full force and effect. (*Id.*)

With regard to the case at bar, Johnson initiated this civil action by filing an "Application for Entry of Default Against Defendant Charles W. Scharf Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure." (ECF No. 1.) Although this submission is deficient as a complaint in a civil action in a number of respects, in an abundance of caution and in accordance with its responsibilities pursuant to Federal Rule of Civil Procedure 5, the Clerk of Court treated Johnson's submission as a Complaint, opened a civil action, and assigned the matter to the undersigned for review. The Court construes the document docketed as the Complaint to be the operative pleading in this case.

Named as Defendant in the Complaint is Charles W. Scharf, who appears to be the Chief Executive Officer and President of Wells Fargo Bank, N.A. (*See* Compl. at 1, 2; *see also* https://www.wellsfargo.com/about/corporate/governance/ last visited November 13, 2023.) Johnson seeks a default judgment against Mr. Scharf who is alleged to have failed to timely respond to a complaint. (Compl. at 5.) Johnson represents to this Court that Mr. Scharf was served pursuant to Rule 4 of the Federal Rules of Civil Procedure on October 26, 2020, and failed to timely and appropriately respond. (*Id.*)

Johnson's pleading is over 270 pages, and is fanciful and largely unintelligible, replete with sovereign citizen verbiage, and consisting of legalisms, oblique references, and meaningless jargon. Nonetheless, the Court understands Johnson to represent to the Court that she submitted a "Constructive Notice of Conditional Acceptance" dated September 29, 2020, to over 200 individuals and entities, one of whom is Mr. Scharf, granting such individuals and entities ten days to respond to her claims. (*See id.* at 8-32.) According to the terms of the "Constructive

Notice of Conditional Acceptance," if such 200 individuals and entities failed to respond to Johnson's demands, Johnson was owed, *inter alia*, $100,000. (*See id*. at. 32-33.) Further, the "Constructive Notice of Conditional Acceptance" declared that "Silence is Acquiescence" such that the failure of the 200 individuals and entities to respond to Johnson's demands would constitute a release of all claims against Johnson, including claims pertaining to 2285 Bryn Mawr Avenue, Philadelphia PA. (*Id.* at 33.) Accompanying the "Constructive Notice of Conditional Acceptance" are a "Commercial Affidavit" and a "Fee Schedule." (*See id.* at 35-49.) It does not appear that Johnson's documents were filed in any court of competent jurisdiction, but instead, contain the following identifying information: "Private Case Number: RE 327 506 200 US." (*See id.* at 8-49.) It further appears that the "Respondents" did not respond, or did not respond to Johnson's satisfaction, such that she deemed them to be in default and owing $9,568,000 to her. (*See, e.g., id.* at 67, 76.)

## II.     STANDARD OF REVIEW

The Court will grant Johnson leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies. Section 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . ." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A

claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Johnson is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III. DISCUSSION

Johnson's Complaint, even when liberally construed, is wholly frivolous and fails to state a legal basis for any claim within the Court's jurisdiction. Other than irrelevant assertions of legal fictions and sovereign citizen verbiage, she asserts no facts to demonstrate any viable cause of action. "[L]egal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity. *See United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (discussing the futility of the sovereign citizen verbiage in collection claim for student loan); *United States v. Crawford*, No. 19-15776, 2019 WL 5677750, at *3 (D.N.J. Nov. 1, 2019) (holding that criminal defendant's attempt to use fake UCC financing statements against prosecutor was a legal nullity); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars"); *see also Miller v. PECO Exelon*, 775 F. App'x 37, 38 (3d Cir. 2019) (*per curiam*) (affirming dismissal of claims as legally baseless where plaintiff provided no factual or legal support for the conclusion that defendants' refusal to accept his coupons as payment for monies owed for utility services gave rise to a federal cause of action). Because Johnson's Complaint is utterly frivolous, her case is dismissed with prejudice.

IV.    **CONCLUSION**

For the foregoing reasons, the Court will dismiss Johnson's Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous. Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Johnson is advised that she may be subject to a pre-filing injunction if she continues to file frivolous cases. An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

**/s/ John Milton Younge**
**JOHN MILTON YOUNGE, J.**